1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRAR HOLDING, INC., | ) | 1:12-cv-00853 LJO GSA |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING NOTICE OF** |
| | ) | **REMOVAL BY DEFENDANTS LARRY** |
| v. | ) | **BACA AND JANICE BACA** |
| | ) | |
| LARRY BACA and JANICE BACA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 24, 2012, Defendants Larry Baca and Janice Baca ("Defendants") filed a Notice of Removal with this Court, seeking to remove an action from the Madera County Superior Court. (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty (30) days of receiving a copy of the initial pleading. 28 U.S.C. §

27
28                                          1

1446(b). The defendant seeking removal of an action to federal court has the burden of

establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d

831, 838 (9th Cir. 2004).

### Timeliness

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

Here, Defendants' removal notice includes copies of the summons, civil case cover sheet,

and complaint for unlawful detainer from the Madera County Superior Court action. (Doc. 1 at

5-40.) The removal notice also includes an unconformed copy of a demurrer to the complaint by

Defendants. (Doc. 1 at 41-46.) However, Defendants' notice of removal fails to reference any

alleged date of service of process of the summons and complaint. (Doc. 1 at 1-4.) The complaint

for unlawful detainer was filed with the Madera County Superior Court on February 17, 2012,

approximately ninety-seven (97) days prior to Defendants having filed the notice of removal with

this Court. Thus, it appears to be untimely. 28 U.S.C. § 1446(b). Moreover, although unsigned,

Defendants' demurrer to the complaint is dated February 24, 2012. (Doc. 1 at 45.) Therefore, it

is clear Defendants had notice of the complaint no later than February 24, 2012, or approximately

ninety (90) days prior to filing the notice of removal. Thus, removal is not timely.

1   Nevertheless, although removal was untimely, the Court will turn to address the issue of

2   jurisdiction.

3   ***Jurisdiction***

4   Defendants are attempting remove an unlawful detainer action based on federal question

5   subject matter jurisdiction.  (Doc. 1 at 1-3.)  However, Defendants cannot establish jurisdiction

6   that is proper.  Federal courts are courts of limited jurisdiction and lack inherent or general

7   subject matter jurisdiction.  Federal courts can adjudicate only those cases authorized by the

8   United States Constitution and Congress.  Generally, those cases involve diversity of citizenship

9   or a federal question, or cases in which the United States is a party.  *Kokkonen v. Guardian Life*

10  *Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109

11  S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without jurisdiction over civil actions.

12  *Kokkonen*, 511 U.S. at 377.  Lack of subject matter jurisdiction is never waived and may be

13  raised by the Court *sua sponte*.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d

14  593, 594-95 (9th Cir. 1996).  "Nothing is to be more jealously guarded by a court than its

15  jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing."  *In re*

16  *Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

17  Furthermore, the law is clear in the Ninth Circuit that the removal statute should be

18  strictly construed in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co*,

19  425 F.3d 689, 698 (9th Cir. 2005).   The "strong presumption" against removal jurisdiction

20  means that the defendant always has the burden of establishing that removal is proper.

21  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v.*

22  *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Federal jurisdiction must be rejected if

23  there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles*, 980 F.2d 564,

24  566 (9th Cir. 1992).

25  In this case, Defendants are unable to establish subject matter jurisdiction before this

26  Court because the complaint filed in the state court contains a single cause of action for unlawful

27

28                                                    3

detainer, presumably based on California Code of Civil Procedure section 1161a.  Unlawful detainer actions are strictly within the province of state court.  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed.  *See Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plainly, Plaintiff Brar Holding, Inc.'s complaint raises only a state law claim.  Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007);  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").

## CONCLUSION AND ORDER

Based on the above, this action is REMANDED *sua sponte* to the Madera County Superior Court of California for all future proceedings.  Accordingly, the Clerk of the Court is directed to remand the matter to the Madera County Superior Court and to close this case.


IT IS SO ORDERED.

**Dated:   May 29, 2012**                    _____/s/ Lawrence J. O'Neill_____
                                             UNITED STATES DISTRICT JUDGE

4